IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE L. HARPER<br>122 Orchard Avenue<br>Ellwood City, PA  16117<br>                    Plaintiff<br>            vs.<br><br>GC SERVICES LIMITED PARTNERSHP<br>Attn:  William A. Inglehart, President of GC<br>Services Corp., General Partner<br>6330 Gulfton<br>Houston, TX  77081<br>                    Defendant | CIVIL ACTION<br><br><br><br><br>NO. |

**COMPLAINT**

**I.    INTRODUCTION**

The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**II.    PARTIES**

1.    Plaintiff is Catherine L. Harper, an adult individual and citizen of the County of Lawrence in the Commonwealth of Pennsylvania with an address as captioned. Plaintiff has been a resident of Pennsylvania at all times relevant hereto and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2. Defendant is GC Services Limited Partnership with an office for the regular transaction of business at the address captioned. Defendant is believed to be a Pennsylvania limited partnership that does business in the Commonwealth of Pennsylvania and engages in the business of debt collection in the Commonwealth of Pennsylvania.

3. Defendant has attempted to collect debts from residents of the Commonwealth of Pennsylvania, including specifically the debt alleged due and owing by the Plaintiff.

4. Defendant regularly engages in the collection of consumer debts by the use of mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due another.

5. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

### III.  JURISDICTION

6. Jurisdiction arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k and 28 U.S.C. §1337; and pursuant to 28 U.S.C. § 1367 for pendent state law claims, if any.

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacted business in Pennsylvania.

### IV.  STATEMENT OF CLAIM

8. On or about May 2010, Plaintiff received a telephone call from Kyle, believed to be an employee and/or agent of the Defendant, wherein the following occurred:

      a.      Plaintiff advised Kyle that both Plaintiff and her nephew used the card, and that her nephew was no longer able to help Plaintiff pay the debt.

      b.      Kyle said "let's me and you get the police and file charges against him [Plaintiff's nephew]."  Plaintiff refused.

      c.      Kyle continued to pressure Plaintiff into calling the police, stated that "he [Plaintiff's nephew] is not a good person to do something like this to you [Plaintiff]" and that "charges need to be filed."

      d.      Kyle asked Plaintiff about Plaintiff's husband, and if Plaintiff's husband was aware of the situation.  Kyle told Plaintiff that she was trying to "hide something from your [Plaintiff's] husband" and Kyle demanded that Plaintiff put her husband on the telephone so that Kyle could inform the Plaintiff's husband of the debt.  Plaintiff refused.  Kyle told Plaintiff that "it isn't right" that Plaintiff's husband was not aware of Plaintiff's debt.

      e.      Kyle continued to pressure Plaintiff into making a payment arrangement that Plaintiff could not afford.  In order to get Kyle off of the telephone, Plaintiff stated she could possibly pay $150 per month.

      f.      Kyle resumed his attack of Plaintiff's nephew stating "he should be ashamed of himself" and that Plaintiff's nephew doesn't "think much of you [Plaintiff]" because of the debt.  Kyle suggested that he could have Plaintiff arrested, and press charges against Plaintiff's nephew but then stated that "I can save you from that."

      g.      Plaintiff informed Kyle that she had an attorney and was probably filing bankruptcy, to which Kyle responded with statements such as:  "how could you have a lawyer" and "how could you afford a lawyer" and that Plaintiff was telling a lie

because "why would you [Plaintiff] say you would pay something" if Plaintiff was planning on filing a bankruptcy and "I hope he [Plaintiff's lawyer] knows what he is doing."

       h.     Plaintiff terminated the call.

9.     Said telephone call lasted approximately one hour.

10.     Following said telephone call, Plaintiff became physically ill.

11.     Defendant's statements to Plaintiff were false and misleading and intended to intimidate the Plaintiff and to coerce a payment from the Plaintiff.

12.     As a result of Defendant's conduct, Plaintiff suffered emotional distress.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13.     Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

14.     Based on the above allegations, Defendant violated the FDCPA in the following manner:

       a.     By engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of FDCPA, 15 U.S.C. §1692d;

       b.     By the use of false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of FDCPA, 15 U.S.C. §1692e;

       c.     By the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person in violation of FDCPA, 15 U.S.C. §1692e(4);

   d. By threatening to take any action that cannot legally be taken in violation of FDCPA, 15 U.S.C. §1692e(5);

   e. By the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of FDCPA, 15 U.S.C. §1692e(10); and

   f. By using unfair or unconscionable means to collect or attempt to collect a debt in violation of FDCPA, 15 U.S.C. §1692f.

 15. As a result of Defendant's violations of the FDCPA, Plaintiff suffered damages.

 16. As a result of Defendant's acts, Plaintiff endured extreme stress, humiliation, and embarrassment.

 **WHEREFORE**, Plaintiff demands judgment against Defendant for:

   (a) Damages;

   (b) Attorney's fees and costs; and

   (c) Such other and further relief as the Court shall deem just and proper.

V.  **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

**LAW OFFICE OF STEPHEN M. OTTO, LLC**

Date:  October 6, 2010          By:     /s/Amy B. Good-Ashman
**Amy B. Good-Ashman**
Attorney ID #203427
2 Woodland Road, Suite 201A
Wyomissing, PA  19610
Phone:  484-220-0481
Fax: 610-743-8581
amy@sottolaw.com

**Stephen M. Otto**
Attorney ID# 82463
406 Broad Street, Suite 270
Sewickley, PA  15143
Phone:  412-741-1200
Fax:  412-291-1012
Attorneys for Plaintiff